UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL HENRY, INDIVIDUALLY AND D/B/A THE PERFECT GIFT | : | DOCKET NO. 11-CV-1330 |
| VS. | : | JUDGE MINALDI |
| O'CHARLEYS INC., ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendant, Jared Heath (doc. 3), a motion to remand filed by plaintiff Carol Henry (doc. 4), and a motion to file an amended notice of removal filed by defendants, O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. (doc. 12). For the reasons that follow, the court recommends in a separate Report and Recommendation that the motion to dismiss be GRANTED. The court further finds that the motion to remand should be DENIED and the motion to file an amended notice of removal should be GRANTED.

*Background*

Plaintiff, Carol Henry, a resident of Louisiana filed a petition for damages (doc.1, att.1, pgs. 2-4) in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana on July 15, 2011. Plaintiff alleges that while she was dining at O'Charley's restaurant located in Lake Charles, Louisiana, she stepped in water or a similar substance on the floor causing her to slip and fall and suffer various injuries.

Plaintiff names as defendants O'Charley's Inc., O'Charley's Inc. of Tennessee, O'Charley's Service Company, Inc., and Jared Heath, manager of the restaurant where the

incident occurred. O'Charley's, Inc., a Louisiana company, was never served with the petition. O'Charley's Inc. of Tennessee, and O'Charley's Service Company, Inc., both Tennessee companies, were served on June 24, 2011, and Jared Heath, a Louisiana resident was served on June 27, 2011.

On July 15, 2011, defendants, O'Charley's, Inc., O'Charley's Inc. of Tennessee, and O'Charley's Service Company, Inc. removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Doc. 1. Defendants allege that: 1) it is "facially apparent" from the petition that plaintiff's claim exceeds $75,000[1]; 2) plaintiff and defendants O'Charley's Inc., O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. are diverse; 3) defendant, Jared Heath was improperly joined in order to defeat diversity; and 4) the removal was filed within 30 days of receipt of the initial pleading.

On July 26, 2011, plaintiff filed a motion to remand. Doc. 4. Plaintiff maintains that: 1) O'Charley's Inc. is a Louisiana company which destroys diversity; 2) Jared Heath is properly joined and also a Louisiana resident which destroys diversity; and 3) Jared Heath failed to timely join in the removal.

On August 16, 2011, defendants, O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. filed a motion to amend their notice of removal. Doc. 12. Defendants claim that their original notice of removal which listed O'Charley's Inc. as a removing defendant was defective. Defendants maintain that O'Charley's Inc. is "neither affiliated with, nor owns and operates, any O'Charley's restaurant locations, including the Lake Charles restaurant."[2] Doc. 12,

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000.
[2] Defendants submit the affidavit of Leslie Cherry, Associate General Counsel and Assistant Secretary for O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. which states that the company known as O'Charley's, Inc. with a domicile address of 1421 Lafayette Street, Gretna, Louisiana and with Charles Larry Koviach listed as director is not affiliated with O'Charley's Inc. of Tennessee or O'Charley's Service Company, Inc. and does not own or operate the O'Charley's restaurant in Lake Charles, Louisiana. Doc. 12, att. 5.

Att 1, p. 2.. Further, they maintain that O'Charley's, Inc. has never been served and has never retained removing counsel to represent them in this matter. Defendants maintain that they inadvertently included the similarly named O'Charley's, Inc. in their notice of removal and should be allowed to amend their notice of removal: 1) to correct the incorrect statement of citizenship of O'Charley's, Inc.; 2) to correct the technical defect of including O'Charley's, Inc., a company with no relation to the restaurant where plaintiff's alleged accident occurred, in the notice of removal; and 3) to more fully articulate improper joinder grounds pertaining to O'Charley's, Inc.

Plaintiff opposes the motion to amend the notice of removal arguing that the amendment is not timely because it was not filed within the 30 day period of 28 U.S.C. 1446(b) and that defendants attempt to make a substantive amendment that adds an entirely new and distinct jurisdictional basis for removal, that O'Charley's, Inc. is not a proper defendant. Plaintiff argues that while technical amendments may be allowed beyond the 30 day period, substantive amendments are not. Doc. 14.

In response, defendants maintain that the amended notice of removal relies on the same ground for removal previously articulated, diversity of citizenship. They assert that they are not asserting a new jurisdictional basis for removal but merely correcting a technical error wherein they mistakenly named O'Charley's, Inc. as a party to the removal.

*Analysis*

1. *Motion to Amend the Notice of Removal*

An amendment to a notice of removal that makes only technical corrections or additions, rather than alleging a new basis for federal jurisdiction that did not exist earlier may be allowed

before judgment and, in some circumstances, even at the appellate level.  *See* 28 U.S.C. § 1653[3]; *Menendez v Wal Mart stores, Inc.*, 2010 WL 445470 at *2 (5th Cir.2010); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919-20 (5th Cir.2001).  After the expiration of the 30 day period for removal, a notice of removal may be amended to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice.  *See, e.g., D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979) (where amendment of removal petition was allowed to correct jurisdictional allegations in removal petition which were defective or faulty due to defendants' failure to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed; missing allegation was not a fatal omission which could not be cured by amendment).

This court finds that defendants' amended notice of removal makes only technical corrections rather than alleging a new basis for removal.  Their original notice alleged diversity jurisdiction as the basis for removal.  Allowing the amendment to correctly state the citizenship of O'Charley's, Inc., to amend the error of including O'Charley's, Inc. as joining in the notice of removal, and to allege that O'Charley's, Inc. was improperly joined does not change the original grounds for removal.  The amendment merely corrects faulty allegations in the original notice; it does not make any substantive changes.  Accordingly, the court will allow defendants to amend their notice of removal.

### 2. *Improper Joinder of Jared Heath and O'Charley's, Inc.*

Defendants removed this matter on the basis of diversity, alleging that defendants Jared Heath and O'Charley's, Inc. were improperly joined and should not be considered for purposes of diversity jurisdiction.

---

[3] 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Jernigan v Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993). According to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

If removal is based on the claim that non diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here because defendants did not allege actual fraud. Thus, the relevant question is whether defendants have shown that there is no reasonable possibility of recovery against the non diverse defendants in state court. There must be a reasonable basis for predicting that state law will allow recovery in order to preclude a finding of fraudulent joinder. A mere theoretical possibility of recovery is insufficient. *Travis v Irby,* 326 F.3d 644 (5th Cir.2003).

In reviewing a claim for improper joinder, all factual allegations are evaluated in the light most favorable to the plaintiffs, resolving all contested issues of substantive fact in favor of the plaintiffs. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). When considering whether a non diverse defendant has been improperly joined to defeat diversity

jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995). In conducting this analysis, the Fifth Circuit instructs us to apply a "standard closer to the Rule 12(b)(6) standard," *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004), where plaintiffs are prohibited from "rest[ing] upon the mere allegations or denials of [their] pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

### a. *Jared Heath*

Plaintiff alleges that Jared Heath was the manager on duty at O'Charley's on the date of her alleged accident. In her petition she alleges that all four named defendants were negligent in:

a) Creating or having actual or constructive notice, prior to the accident, of the condition that presented an unreasonable risk of harm to [plaintiff], that being reasonably foreseeable;

b) Failing to exercise reasonable care;

c) Failing to take reasonable steps to protect invitees such as plaintiff from such risks of harm, failing to warn the plaintiff of the existence of such risks and failing to properly and reasonable inspect or police the area where the plaintiff fell;

d) Failing to supervise and/or train Restaurant employees to exercise reasonable care.

Doc.1, Att.1, ¶5.

In this diversity case, the court applies state law to evaluate the sufficiency of plaintiff's claims against Jared Heath. Under Louisiana law, an employee may be held liable to a customer if he has a personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages. *Canter v. Koehring Co.,* 283 So.2d 716, 721 (La.1973). Under *Canter,* the following four elements must be satisfied for the employee to be held personally liable:

    1)    The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;

    2)    This duty must be delegated by the employer to the particular employee;

    3)    The employee must breach this duty through his own personal fault; and

    4)    Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Id.*

Plaintiff maintains that she has stated a cause of action against the manager, Jared Heath by asserting in her petition that he "failed to supervise and/or train Restaurant employees to exercise reasonable care." *Id.* Plaintiff further relies on her affidavit submitted in connection with her opposition to the motion to dismiss wherein she states that "[s]oon after she slipped and fell, Restaurant manager Jared Heath told her there had been similar problems in the same area of the restaurant." Doc. 11, Att. 1, ¶ 5. Plaintiff argues that this knowledge imposed a personal duty on Jared Heath.

Plaintiff relies on the case of *Freeman v Wal-Mart Stores, Inc,* 775 F.Supp 208, 209 (W.D.La. 1991). In that case, plaintiffs' petition stated, "[d]efendant, Randy Adams, acting as manager and supervisor of the Wal-Mart Store . . . failed to adequately supervise and manage his employees." The court found that whether or not the manager, Adams breeched an independent personal duty to the plaintiff was "to be determined by the state court" and then stated that "[p]laintiffs' petition state [sic] a cause of action against Adams individually, *irrespective of the probabilities of success*." *Id.* (emphasis supplied).[4]

---

[4] This court notes that the Fifth Circuit has determined that the standard to be applied when determining whether a plaintiff has established a cause of action against a non diverse party is whether or not there is "a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Ill. Cent. R.R.*, 385F.3d 568,573 (5th Cir. 2004)  The court further stated that a mere "theoretical possibility of recovery under local law" is not enough. *Id.*(citing *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286, n.4 (5th

Defendants contend that *Freeman* is distinguishable from the present case because the petition here "contains no specific allegation whatsoever that Mr. Heath individually and actively contributed to the accident." Doc. 13, p. 5. Defendants submit that Jared Heath had no personal duty to the plaintiff but was merely carrying out the technical and managerial aspects of his job on the date of the alleged accident.

Here, we find that the present case is more analogous to the cases cited by defendants. In *Bertrand v. Fischer,* 2009 WL 5215988 (W.D. La.2009), plaintiff allegedly suffered injuries in a slip and fall at Target. She filed suit against Target, its insurers, and the non diverse manager on duty at the time of her accident. Plaintiff alleged that the manager was liable to her for "failing to properly supervise and train employees and for failing to implement a procedure for inspection and cleaning of store floors." *Id.* at *6. This court found the joinder of the manager improper because the manager did not cause the spill or have personal knowledge of the spill, Target had not delegated a duty to him to inspect the aisles for spills and plaintiff had failed to provide any "link between the accident" and the manager. *Id.* at *7. The court concluded that plaintiff's allegations against the manager were for general administrative responsibilities which were not actionable under *Cantor*.

Similarly, in *Carter v Wal-Mart Stores, Inc.,* 2005 WL 1831092 (W.D. La. 2005), plaintiffs were injured when a display rack fell on them while they shopped in Wal-Mart. They sued Wal-Mart and the non diverse manager on duty at the time of their accident. The court found that plaintiffs' "generic" allegations against the store manager for failure to properly supervise and train employees, were insufficient to state a personal duty on the part of the manager. *Id.* at *2.

---

Cir.2000)). The court's opinion in *Freeman*, written before *Smallwood* was decided, which found that plaintiff stated a cause of action against the non diverse defendant "*irrespective of the probabilities of success*" appears to be in conflict with the standard adopted by the Fifth Circuit and for this reason, this court rejects its reasoning.

Finally, in *Carino v Wal-Mart Louisiana, LLC,* 2006 WL 335784 (W.D. La .2006), plaintiff was injured when he was allegedly bitten by a snake in the garden center at Wal-Mart. He sued Wal-Mart and the non diverse manager of the store at the time the accident occurred alleging his failure to "oversee, inspect, manage, warn, act with care, or otherwise generically prevent" his injuries. *Id.* at *3. The court found that under Louisiana law, plaintiff's claims failed to allege any facts that would support a finding of a personal duty to plaintiff for any non-administrative type duty.

In the present case, even when viewing plaintiff's allegations regarding Jared Heath in a light most favorable to her, she has failed to establish that she could maintain a claim against him. Plaintiff's claim that Jared Heath breeched his duty to "supervise and/or train Restaurant employees to exercise reasonable care" states nothing more than administrative responsibilities. Further, the affidavit submitted by plaintiff does not establish that Jared Heath either caused the spill on the date of the accident or had personal knowledge of the spill on the date of the accident. Her statement that he admitted there had been problems in that area in the past does not impose a personal duty on him toward plaintiff in this circumstance. In sum, we conclude that Jared Heath had no personal duty towards the plaintiff. Plaintiff's claims against Jared Heath fail to meet the factors set out in *Cantor* and the court concludes that he is improperly joined and his citizenship can be ignored for diversity purposes.

### b. O'Charley's, Inc.

In her petition, plaintiff named as a defendant "O'Charley's, Inc., authorized to do and doing business in Louisiana, which may be served through its agent for service of process, Charles Larry Koviach, 1421 Lafayette Street, Gretna, Louisiana, 70053." Doc.1, Att.1, p.2, ¶1. Service of process was attempted on this defendant but as reflected in the return notice, service

was not made for the reason that the party had moved. Doc.4, Att.3, p.2.

In their amended notice of removal, defendants, O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. state that O'Charley's, Inc. is a Louisiana corporation with no affiliation whatsoever to the O'Charley's restaurant chain or to the O'Charley's restaurant in Lake Charles, Louisiana where plaintiff was allegedly injured. Thus, they assert that O'Charley's, Inc. was improperly joined because plaintiff has failed to state a cause of action against it. Doc.12, Att.4, p.2.

Defendants attach, as exhibit "A" to their amended notice of removal, an affidavit of Leslie Cherry, Associate General Counsel and Assistant Secretary for O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. Doc.12, Att.5. In her affidavit she states that she has personal knowledge of "all corporate entities affiliated with O'Charley's Inc. of Tennessee and O'Charley's Service Company, Inc. as well as all restaurant locations owned and operated by O'Charley's nationwide." *Id.* She further states that the entity known as O'Charley's, Inc. and its director, Charles Larry Koviach are not affiliated with, owned by or operated by O'Charley's Inc. of Tennessee or O'Charley's Service Company, Inc. *Id.* Additionally, she testifies that O'Charley's, Inc. and its director, Charles Larry Koviach neither own nor operate any O'Charley's restaurant including the restaurant located in Lake Charles, Louisiana. *Id.*

Plaintiff does not attempt to oppose the affidavit submitted by Leslie Cherry but rather re-asserts her argument that the amended notice of removal was untimely and that it is too late to make a substantive amendment to the notice of removal. Thus, they submit that O'Charley's, Inc., a Louisiana corporation destroys diversity.

For reasons previously stated herein the amended notice of removal will be considered

-10-

and this court finds that there is no reasonable basis for the court to predict that the plaintiff might be able to recover against O'Charley's, Inc.. *Smallwood v. Ill. Cent. R.R.*, 385F.3d 568,573 (5th Cir. 2004). Thus, the court concludes that it is improperly joined and its citizenship can be ignored for diversity purposes.

### 3. Jared Heath's Consent to Removal

Plaintiff argues, relying on the case of *Getty Oil Corp. v. Ins. Co. on N. America,* 841 F.2d 1254 (5th Cir.1988), that the case should be remanded because defendant Jared Heath failed to join in the removal petition or timely consent to removal.

In *Getty*, the Fifth Circuit held that under the "rule of unanimity," all properly served defendants must timely join in or consent to the removal. The court stated that pursuant to the first paragraph of § 1446(b), "since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days" after § 1446(b) is triggered. 841 F.2d at 1262-63.

However, the rule of unanimity espoused in *Getty* is inapplicable to improperly joined defendants. *See Rico v Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993)("[a]pplication of this requirement [of unanimity] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other party defendant exists.").

As this court has found that Jared Heath is an improperly joined defendant, there is no requirement that he join in or consent to removal. Thus, plaintiff's argument must fail.

### *Conclusion*

Based on the foregoing, the court hereby GRANTS defendants' motion to file an

-12-

amended notice of removal.  The court further finds that plaintiff has failed to state a claim against named defendants, Jared Heath and O'Charley's, Inc. and the court concludes that they have been improperly joined to this action.  The court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.  Accordingly, plaintiff's motion to remand is DENIED.

Further and in accordance with the findings contained in this memorandum order, this court will issue a report and recommendation recommending that the claims against Jared Heath and O'Charley's, Inc. be dismissed from this action.

THUS DONE this 30th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE