UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL HENRY, INDIVIDUALLY, AND D/B/A THE PERFECT GIFT | : | DOCKET NO. 2:11-1330 |
| VS. | : | JUDGE MINALDI |
| O'CHARLEY'S INC., O'CHARLEY'S INC. OF TENNESEE, O'CHARLEY'S SERVICE COMPANY, AND JARED HEATH | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [Doc. 36], filed by the defendant, O'Charley's, LLC ("O'Charley's"), formerly known as O'Charley's Inc. of Tennessee and O'Charley's Service Company. The motion is opposed by the plaintiff, Carol Henry [Doc. 45]. O'Charley's then timely filed a reply [Doc. 49]. For the foregoing reasons, O'Charley's motion is GRANTED.

## BACKGROUND

Henry originally filed a petition for damages in the Fourteenth Judicial Court of Calcasieu Parish, Louisiana.[1] In her petition, she alleged that on or about September 26, 2010, while she was dining at the O'Charley's restaurant located in Lake Charles, Louisiana, she stepped in water or a similar substance on the floor near the entrance to the bathroom, causing her to slip and fall and suffer various injuries.[2] The defendants then timely removed this case to federal court on the basis of diversity jurisdiction.[3]

---

[1] Pl.'s Compl., [Doc. 1-1].

[2] *Id.* at ¶¶ 2, 3, and 6.

[3] Not. of Removal, [Doc. 1].

1

## LAW & ANALYSIS

The parties' sole contention in this motion is whether the expert testimony of architect J.J. Champeaux should be excluded because his testimony intrudes upon the common sense matters reserved for the jury. In his expert report, Champeaux makes two conclusions: first, he concludes that accidents such as Henry's are "reasonably foreseeable" because the bathroom entrance area where she slipped intersects the cross traffic of employees carrying drinks (which they might spill) in and out of the kitchen.[4] Second, he concludes that because the area where Henry slipped transitions from carpet to tile, and people tend to sense "traction" underfoot with the carpet, which disappears unexpectedly on tile, this made it much more likely that Henry would slip and fall.[5] Champeaux based his conclusions on O'Charley's deposition transcripts, a floor plan of the subject restaurant, and his personal knowledge of the subject restaurant from dining there several times.[6]

O'Charley's argues in its motion that because the issues Champeaux will testify on lack complexity and do not involve matters highly scientific in nature, expert testimony is unnecessary.[7] Ms. Henry counters that Champeaux should be allowed to testify because "the effect of the transition from different surfaces, such as carpet to tile, and the affect of foot traffic patterns are beyond a layperson's common experience and knowledge."[8]

Under the Advisory Notes for Fed. R. Evid. 702, "[w]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." The Fifth

---

[4] Champeaux Expert Report, Ex. A to Def.'s Mot. in Limine, [Doc. 36-2] at pg. 1.

[5] *Id.* at pg. 2.

[6] *Id* at pg. 1.

[7] Def.'s Mot. in Limine, [Doc. 36-1], at pgs. 3 – 4.

[8] Pl.'s Opp. to Def.'s Mot. in Limine, [Doc. 45], at pg. 1.

Circuit has held that expert testimony does not assist the trier of fact if the court finds that "the jury adeptly [can] assess [the] situation using only their common experience and knowledge." *Peters v. Five State Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (upholding the exclusion of expert testimony when the testimony dealt with issues within the common sense of the jury, such as "whether it was reasonable for an employer to instruct his employee to manually move equipment on the deck of a boat"). The undersigned agrees with O'Charley's. This is a straightforward slip and fall case in which the matters the expert is being offered to testify on (i.e., (1) a high traffic area for restaurant employees being a more likely area for spills and (2) tile being slippery) are certainly topics which are within the common experience and knowledge of a jury.

Accordingly,

**IT IS ORDERED** that O'Charley's Motion in Limine [Doc. 36] to Exclude the Testimony of J.J. Champeaux is **GRANTED**.

Lake Charles, Louisiana, this 6 day of March 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE